AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

FEB 03 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

United States of America

v.

Case No. 22-MJ- 5007

**JAMES P. FOX**

*Defendant*

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

Between on or about January 2019 and on or about February 3, 2022, in the County of Erie, in the Western District of New York, the defendant, **JAMES P. FOX** did knowingly, intentionally, and unlawfully rent, use, and/or maintain a place, that is, the residence at 981 Beach Road, Cheektowaga NY, for the purpose of manufacturing, distributing, or using heroin, as Schedule I controlled substance, and cocaine, a Schedule II controlled substance, **All in violation of Title 21, United States Code, Section 856(a)(1).**

### COUNT 2

Between on or about January 2019 and on or about February 3, 2022, in the County of Erie, in the Western District of New York, the defendant, **JAMES P. FOX** did knowingly, intentionally, and unlawfully possess a firearm in furtherance of drug trafficking, **All in violation of Title 18 Section 924(c)(1)(A)(i).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

**PATRICIA A CALLERI**
Digitally signed by PATRICIA A CALLERI
Date: 2022.02.03 18:03:46 -05'00'

*Complainant's signature*

PATRICIA A. CALLERI
SPECIAL AGENT
HOMELAND SECURITY INVESTIGTAIONS
*Printed name and title*

Sworn to and signed telephonically.

Date: 6:31 PM, Feb 3, 2022

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

# AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS:
CITY OF BUFFALO   )

Patricia A. Calleria, being duly sworn, deposes and says:

1. I am a Special Agent with Homeland Security Investigations (HSI) within the Department of Homeland Security, assigned to the office of the Special Agent in Charge, Buffalo, New York, and have been so employed since 2008. As part of my duties as a Special Agent with HSI, I have participated in investigations and/or criminal prosecutions concerning narcotics, human trafficking and prostitution.

2. I personally have participated in the investigation of **JAMES P. FOX** (hereinafter FOX). I am familiar with the facts and circumstances of this investigation because of my participation in this investigation, and review of information provided by other law enforcement officers, including, but not limited to, evidence obtained during the interview of FOX and the search of FOX's residence. My investigative experience and that of other law enforcement officers participating in this investigation serves as the basis for the opinions and conclusions set forth herein.

3. I make this Affidavit in support of an application for a Criminal Complaint against FOX for violations of Title 21, United States Code, Section 856(a)(1) (using or

maintaining a drug involved premises), and Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking).

4. This affidavit is intended to show that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## FACTUAL BASIS

5. On February 2, 2022, your Affiant obtained a search and seizure warrant related to violations of Title 18, United States Code, Sections 1591(a)(sex trafficking by means of force, threats, fraud, or coercion); Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute a controlled substance); and Title 18 USC 924(c) (possession of a firearm in furtherance of drug trafficking), signed by U.S. Magistrate Judge Michael J. Roemer (Case No. 22-MJ-5005) for the residence of James P. FOX at 981 Beach Road, Cheektowaga New York.

6. On February 3, 2022, law enforcement executed the search and seizure warrant at 981 Beach Road, Cheektowaga, New York. At the time law enforcement entered 981 Beach Road, FOX was present with his girlfriend, R.D.

7. During the execution of the search warrant, law enforcement used a canine, trained in the recognition of controlled substances to conduct a sweep of the residence. The

canine displayed a positive response for the presence of a controlled substance when examining a safe within FOX's bedroom closet and when examining the entrance to the attic.

8. Inside of FOX's bedroom closet, inside of the above-mentioned safe, law enforcement seized a loaded, 20 Gauge, Remington Model 870 Shotgun loaded with six (6) rounds of ammunition. Law enforcement recovered twelve (12) additional rounds of 20 Gauge shotgun ammunition.

9. On February 3, 2022, law enforcement conducted a video and audio recorded interview of FOX. During the video and audio recorded interview, FOX was advised of his Miranda rights, indicated that he understood those rights, waived those rights and agreed to speak with law enforcement.

10. During the interview with law enforcement, FOX admitted that the shotgun belonged to him, stating "I got it on black Friday a couple of years ago".

11. During the interview with law enforcement, FOX admitted more than once, in sum and substance, to purchasing hundreds of dollars worth of heroin and crack cocaine and storing it at his residence so that he could redistribute the heroin and crack cocaine to prostitutes in exchange for commercial sex acts.

12. During the interview with law enforcement, FOX admitted twice, in sum and substance, that he knew that the prostitutes were all addicted to drugs, and that he believed the sex acts couldn't truly be consensual since they were exchanging sex for drugs which they were addicted to.

13. During the interview with law enforcement, FOX admitted, in sum and substance, that on two separate occasions, two different prostitutes had overdosed on heroin while at his residence, and that he administered "Narcan" to both of them. FOX indicated that both of these incidents occurred within the last two years.

14. During the interview, after being asked why the shotgun was contained in the same safe where FOX had previously stored drugs, FOX admitted that "I mean look at me, I'm not the type of person that's used to interacting with drug dealers and shit. I was rather worried about my safety."

15. Your Affiant is aware that individuals, such as FOX, who are involved in the illegal possession and distribution of controlled substances typically possess and/or maintain ready access to firearms due to the dangers involved in the drug trade. I have been advised that, consistent with my training and experience, the Second Circuit Court of Appeals has consistently recognized that firearms are "tools of the trade" as it relates to illegal drug trafficking. *See United States v. Crespo*, 834 F.2d 267, 271 (2d Cir. 1987) ("We have often taken judicial notice that, to substantial dealers in narcotics, firearms are as much tools of the trade as are the commonly recognized articles of narcotics paraphernalia."); *see also United States v. Reyes*, 353 F.3d 148, 154 (2d Cir. 2003) ("We have often recognized that firearms and sharp objects, such as razor blades and hypodermic needles are 'tools of the drug trade' regularly found on narcotics traffickers."); *see also United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) ("[G]uns are tools of the narcotics trade frequently carried by dealers, particularly when they engage in transactions involving guns or money.")

16. While at the residence, law enforcement interviewed R.D., FOX's girlfriend. R.D. stated, in sum and substance; that she had previously worked as an escort, that she initially met FOX when he paid her to engage in a commercial sex act, that when she met FOX she was addicted to heroin and crack, and that FOX offered to let her move into his residence. R.D. also stated, in sum and substance, that she eventually moved in with FOX and that after some time, FOX began supplying her with heroin and crack for her use at his residence. R.D. indicated, in sum and substance, that the last time she used heroin and/or crack was August 2021.

17. During the search of FOX's residence, law enforcement recovered additional evidence, including, but not limited to:

- One (1) plastic bag with suspected controlled substance residue
- Narcan
- Ten (10) baseball bats with nails driven through the top
- One large (approx. 7 feet tall) wooden "X" structure with affixed metal rings
- Chains and ropes
- Two (2) electrical tasers
- One (1) stun gun with dischargeable cartridge

18.   **WHEREFORE**, it is respectfully submitted that probable cause exists to believe that **FOX** violated Title 21, United States Code, Section 856(a)(1) (using or maintaining a drug involved premises), and Title 18, United States Code, Section 924 (c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking). Your affiant prays that this Criminal Complaint is issued as aforesaid.

PATRICIA CALLERI
Digitally signed by PATRICIA A CALLER
Date: 2022.02.03 18:04:34 -05'00'

PATRICIA A. CALLERI
Special Agent
Homeland Security Investigations

Subscribed to and sworn telephonically
this ___ day of February 2022.     6:31 PM, Feb 3, 2022

_____
HONORABLE MICHAEL J. ROEMER

6